Kenneth A. CARTER, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

Mario T. RIBEIRO, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

Nos. 82–7387, 82–7396.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1983.

Decided Dec. 1, 1983.

Kenneth A. Carter, Mario T. Ribeiro, San Diego, Cal., for petitioner.

David A. Sirignano, Securities & Exchange Comm., Washington, D.C., for respondent.

---

\* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

Before BROWNING and NORRIS, Circuit Judges, and SCHNACKE,\* District Judge.

PER CURIAM:

Kenneth A. Carter and Mario T. Ribeiro, formerly registered representatives of the San Diego branch office of Independent Securities Corporation (ISC), seek to set aside an opinion and order of the Securities and Exchange Commission affirming disciplinary action by the National Association of Securities Dealers, Inc. (NASD). The Commission found that Carter and Ribeiro had violated Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, by selling securities without complying with the registration requirements of that Act. The Commission also found that Carter and Ribeiro had violated Article III, Section 1 of the NASD Rules of Fair Practice, NASD Manual (CCH) para. 2151, by failing to provide their employer with prior written notification of unauthorized, private sales. The Commission affirmed the sanctions imposed on Carter and Ribeiro for these violations by the Board of Governors of the NASD, including censure, fines of $2,500 and $10,000 respectively, and costs of $275.70 assessed against Carter. We affirm the decision of the Commission.

A reviewing court "cannot overturn the Commission's findings of fact unless convinced that they are not supported by substantial evidence." *Sartain v. SEC,* 601 F.2d 1366, 1372 (9th Cir.1979); 15 U.S.C. § 78y(a)(4). Carter and Ribeiro do not challenge the SEC's findings regarding registration violations, nor do they argue that they did not engage in sales of the securities in question after their employer withdrew its authorization for those sales. They contend instead that they were unaware these sales were in violation of·

NASD rules and the requirements stated in the ISC compliance manual. This defense is inadequate. As employees, Carter and Ribeiro are assumed as a matter of law to have read and have knowledge of these rules and requirements. *Sirianni v. SEC,* 677 F.2d 1284, 1288 (9th Cir.1982). Ribeiro contends also that he did not conceal these sales from his employer, claiming that the authorization he received from the San Diego branch manager was tantamount to the required authorization from ISC. The ISC compliance manual, however, specifically requires employees to submit details of their sales to the home office compliance department for review. In addition, Ribeiro's testimony submitted in evidence before the Commission indicates that he did not, in fact, confuse informing the San Diego branch manager of these sales with notifying ISC. We hold that the findings of the Commission as to both Carter and Ribeiro are supported by substantial evidence.

Carter and Ribeiro assert that the Commission erred in denying them oral argument. Congress has, however, committed to the discretion of the Commission the decision as to whether to allow oral argument in disciplinary hearings. 15 U.S.C. § 78s(e)(1). Pursuant to this statutory authority, the Commission has provided by rule that it has the discretion to "grant or deny any request for oral argument ...." 17 C.F.R. 240.19d–3(f). The Constitution does not require an oral hearing before an administrative tribunal. *FCC v. WJR,* 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353 (1949).

Carter and Ribeiro were given the opportunity to submit written statements to the Commission. They do not allege that they were denied the opportunity to present any specific matters of fact or law in connection with their case. We hold that the Commission did not abuse its discretion in denying oral argument.

Ribeiro and Carter contend that the Commission erred in affirming the monetary sanctions imposed on them. A reviewing court "will not disturb SEC sanctions unless they are either unwarranted in law

or without justification in fact." *Hinkle Northwest, Inc. v. SEC,* 641 F.2d 1304, 1310 (9th Cir.1981). The fines and costs imposed in this case were warranted in law. NASD Manual (CCH), para. 2301, 2303. They were also justified in fact. This court has previously found that violations of the type committed in this case constitute serious misconduct, warranting more severe penalties than those imposed here. *Sirianni v. SEC,* 677 F.2d at 1288–1289.

Carter and Ribeiro also contend that the fines are invalid because the Commission failed to impose sanctions on allegedly similarly placed individuals. The NASD found, however, that the salesmen mentioned in the petitioners' briefs did not engage in the same conduct as did Carter and Ribeiro. In any event, "absent discrimination based upon an invidious classification or in retaliation for a petitioner's assertion of his federal rights," an otherwise authorized sanction is not invalid simply because it is more severe than a sanction imposed in a similar case. *Sartain v. SEC,* 601 F.2d at 1374–75.

AFFIRMED.