89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lester GARDNER, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 95-70672.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: ALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lester Gardner petitions pro se for review of the Security and Exchange Commission's ("SEC") decision affirming disciplinary sanctions imposed against Gardner by the National Association of Securities Dealers, Inc. ("NASD").[1] Gardner contends that the Commission erred by finding that he made an unauthorized purchase of stocks in a customer's account while working as a salesman for Toluca Pacific Securities Corp. We have jurisdiction pursuant to Section 25(a)(1) of the Securities and Exchange Act of 1934, 15 U.S.C. 78y(a)(1), and we deny the petition.
 
 
 3
 The Commission's findings of fact must be affirmed if they are supported by "substantial evidence." Exchange Act Section 25(a), 15 U.S.C. 78y(a); Carter v. SEC, 726 F.2d 472, 473 (9th Cir.1983).
 
 
 4
 Here, after conducting an independent review of the record, the Commission found that: 1) Isaac Toveg, a customer of Gardner, received notice that Toluca Pacific Securities Corp. purchased 50,000 shares of Canon stock on his behalf for $16,502.75; 2) when Toveg complained to Gardner that he had not authorized the transaction, petitioner informed Toveg that the purchase was a mistake; 3) Toveg subsequently received a second notice demanding payment for the purchase of the 50,000 shares of Canon stock; 4) when Toveg complained to Gardner regarding this second notice, Gardner requested that Toveg hold onto the stock for one month; and 5) the transaction was cancelled after Toveg complained to Gardner's superior.
 
 
 5
 The Commission rejected Gardner's contention that: 1) Toveg was a chronic complainer; and 2) Toveg admittedly did not object to the transaction, but was "coerced" by NASD to change his testimony.
 
 
 6
 Therefore, substantial evidence supports the Commission's determination that Gardner engaged in an unauthorized transaction. See Exchange Act Section 25(a), 15 U.S.C. 78y(a); Carter, 726 F.2d at 473.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gardner was suspended from NASD for 30 days, fined $50,000 and was ordered to requalify as a securities professional by examination