United States Court of Appeals,

Fifth Circuit.

No. 95-60502.

Henry E. VAIL, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

Dec. 6, 1996.

Petition for Review of an Order of the Securities and Exchange Commission.

Before WISDOM, SMITH and PARKER, Circuit Judges.

PER CURIAM:

Henry E. Vail appeals the Security and Exchange Commission's ("SEC") imposition of sanctions based on a finding that he violated Article III, § 1 of the National Association of Securities Dealers'("NASD") Rules of Fair Practice, which requires "members in the conduct of [their] business, to observe high standards of commercial honor and just and equitable principles of trade".  First, Vail argues that his conduct was not securities related and, therefore, fell outside the scope of the NASD's disciplinary authority under Article III, § 1. Second, Vail argues that Article III, § 1 did not give him fair notice that his conduct would lead to sanctions by the NASD and that, therefore, the rule is unconstitutionally vague.

The SEC's factual findings are conclusive if supported by substantial evidence.[1]  This Court will affirm the SEC's imposition of sanctions as long as the Commission's decision is not arbitrary or an abuse of discretion.[2]  Considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.[3]

First, based on our review of the record, we find that substantial evidence exists to support

[1]15 U.S.C. § 78y(A)(4);  *Whiteside v. S.E.C.,* 883 F.2d 7, 9 (5th Cir.1989).

[2]*Whiteside,* 883 F.2d at 10.

[3]*Chevron U.S.A., Inc., v. Natural Resources Defense,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

the SEC's finding that Vail, while serving as treasurer, misappropriated funds from the Houston Young Professional Republicans Club and misrepresented that the funds were in an account at Cigna, where Vail was a securities salesman. Because Vail made misrepresentations regarding the existence of an account at Cigna, we find that Vail's misconduct was securities related and thus clearly within the scope of Article III, § 1. In addition, the SEC has consistently held that the NASD's "disciplinary authority is broad enough to encompass business-related conduct that is inconsistent with just and equitable principles of trade, even if that activity does not involve a security".[4] We find that Vail's position as a fiduciary of the club managing the club's funds constituted business-related conduct and that, therefore, under *Capriani, Rembert, DWS Securities, Kobey,* and *Jackson,* the SEC correctly found that Vail's conduct fell within the prohibition of Article III, § 1.

Second, a constitutional vagueness challenge to a statute that does not involve First Amendment freedoms must be examined in the light of the facts of the case.[5] In this case, Vail misappropriated the club's funds and misrepresented to the club's treasurer that the funds had been deposited in an account at Cigna. The SEC has consistently held that the NASD's "disciplinary authority is broad enough to encompass business-related conduct that is inconsistent with just and equitable principles of trade, even if that activity does not involve a security".[6] Given these decisions elucidating the scope of Article III, § 1, Vail had fair notice that his misappropriation of funds would subject him to sanctions by the NASD. In the circumstances of this case, we find that Article III, § 1 is sufficiently specific and provides an adequate standard of compliance.[7]

Accordingly, we AFFIRM the judgment of the Securities and Exchange Commission.

---

[4]*In re Earnest A. Capriani, Jr.,* 51 S.E.C. 1004, 1006 (1994); *In re William F. Rembert,* 51 S.E.C. 825, 826 (1993); *In re DWS Securities Corporation,* 51 S.E.C. 814, 822 (1993); *In re Ivan M. Kobey,* 51 S.E.C. 204, 207 (1992); *In re Thomas E. Jackson,* 45 S.E.C. 771, 772 (1975).

[5]*United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975).

[6]*See* n. 4.

[7]The two other circuits addressing this question have found that Article III, § 1 is sufficiently specific. *See Lysiak v. S.E.C.,* 51 S.E.C. 841, 847 (1993), *aff'd,* 47 F.3d 1175 (9th Cir.1995); *Werner v. S.E.C.,* 44 S.E.C. 622, 625 & n. 11 (1971), *aff'd without opinion*, (D.C. Cir. 1972).