105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas ALTON, Plaintiff-Appellant,
v.
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,
Defendant-Appellee.
Thomas ALTON, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 94-16589, 95-70715, 3-8561.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-94-00618-MHP; Marilyn Hall Patel, District Judge, Presiding.
 On Petition for Review of an Order of the Securities and Exchange Commission, SEC No. 3-8561.
 N.D.Cal.
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Alton petitions pro se for review of an order of the Securities and Exchange Commission ("SEC") affirming disciplinary sanctions imposed against him by the National Association of Securities Dealers, Inc. ("NASD"). We have jurisdiction pursuant to 15 U.S.C. § 78y(a)(1), and we deny the petition.
 
 
 3
 The SEC's findings of fact, "if supported by substantial evidence, are conclusive." 15 U.S.C. § 78y(a)(4); Carter v. SEC, 726 F.2d 472, 473 (9th Cir.1983) (per curiam). "If the evidence is susceptible to more than one rational interpretation, we must uphold the SEC's findings." Eichler v. SEC, 757 F.2d 1066, 1069 (9th Cir.1985). We review the SEC's sanctions for abuse of discretion and we will not disturb the sanctions unless they are "either unwarranted in law or without justification in fact." Hateley v. SEC, 8 F.3d 653, 655 (9th Cir.1993).
 
 
 4
 Alton contends that substantial evidence does not support the SEC's finding that he made false statements on his applications for registration as a securities representative and agent ("Form U-4"). Alton further contends that the SEC abused its discretion by affirming the NASD's imposition of sanctions. These contentions lack merit.
 
 
 5
 The NASD Rules of Fair Practice require a member, in the conduct of his business, to observe high standards of commercial honor and just and equitable principles of trade. The SEC found that Alton violated this provision when he misrepresented his perjury conviction on one Form U-4 and misrepresented his disbarment on two Form U-4's. Substantial evidence supports this conclusion.
 
 
 6
 Here, Alton was convicted of felony perjury in violation of Ariz.Rev.Stat. §§ 13-2701 & 13-2702 on April 22, 1981. On April 17, 1991, Alton answered "NO" in response to question 22A on Form U-4, which asked: "Have you been convicted of ... a felony or misdemeanor involving ... false statements?" Alton contends that his response to the question was not false because, several months earlier, on December 31, 1990, the Superior Court of the State of Arizona had granted Alton's request to apply for restoration of his civil rights. That order, however, only permitted Alton to apply for such relief. His request was not granted until the court issued its written order on May 7, 1991. Because Alton completed the Form U-4 on April 17, 1991, Alton had not yet had his civil rights restored. Accordingly, substantial evidence supports the SEC's finding that Alton misrepresented his felony perjury conviction. See Carter, 726 F.2d at 473.[1]
 
 
 7
 In response to his perjury conviction, the State Bar of Arizona disbarred Alton in 1981. The disbarment order remains in effect. On two Form U-4's, Alton answered "NO" to question 22E, which asked: "Has ... any state regulatory agency ever ... revoked or suspended your license as an attorney?" Alton contends that his response to this question was not false because the State Bar of Arizona is not a "state regulatory agency." We reject Alton's contention because the question clearly contemplated a truthful response regarding Alton's disbarment. Accordingly, substantial evidence supports the SEC's finding that Alton misrepresented his disbarment. See id.
 
 
 8
 The NASD sanctioned Alton $50,000 for his conduct and barred him from associating with any broker or dealer. We agree with the SEC that "candor and forthrightness ... [are] ... critical ... to determine the fitness of applicants for registration as securities professionals." Accordingly, the SEC did not abuse its discretion by affirming the NASD's imposition of sanctions. See Hateley, 8 F.3d at 655; see also Atlanta-One, Inc. v. SEC, 100 F.3d 105, 110 (9th Cir.1996).
 
 
 9
 Alton's contentions of procedural impropriety are without merit. First, to the extent Alton contends that the NASD improperly denied him discovery, Alton has not shown the existence of material issues of fact requiring discovery. See Pacific Gas & Elec. Co. v. Federal Energy Regulatory Comm'n, 746 F.2d 1383, 1388 (9th Cir.1984). Second, because the NASD provided Alton with two hearings and gave him a full opportunity to present evidence and be heard, we find no unfairness in the conduct of the proceedings. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Last, Alton has not met his burden of establishing that the prosecutor played a significant role in the NASD decision such that the NASD improperly commingled prosecutorial and adjudicatory functions. See Greenberg v. Board of Governors of the Fed. Reserve Sys., 968 F.2d 164, 167 (9th Cir.1992).
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Alton's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Form U-4 asks whether an applicant has been convicted, any subsequent expungement may be irrelevant
 
 
 [2]
 The district court dismissed Alton's action in appeal number 94-16589 for lack of jurisdiction because Alton had failed to exhaust his administrative remedies with the SEC. Because he has now exhausted his administrative remedies, Alton's appeal from the district court's dismissal in appeal number 94-16589 is moot and we do not address it here
 Because Alton's appeal in 94-16589 is moot, we deny all motions pending in that action as moot.