# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

MICHAEL A. ROOMS,

Petitioner,

v.

No. 05-9531

SECURITIES AND EXCHANGE
COMMISSION,

Respondent.

**ORDER**
Filed April 25, 2006

Before, **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.


The motion to publish the order and judgment filed in this matter on March 14, 2006, is granted. The published opinion is filed nunc pro tunc to that date, and a copy is attached.


Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
        Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

March 14, 2006

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL A. ROOMS,

Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION,

Respondent.

No. 05-9531

---

**ON PETITION FOR REVIEW FROM ORDER OF THE
SECURITIES AND EXCHANGE COMMISSION
(No. 3-11621)**

---

Submitted on the briefs:[*]

Eric B. Liebman, Patrick G. Compton, Lindquist & Vennum, P.L.L.P., Denver,
Colorado, for Petitioner.

Giovanni P. Prezioso, General Counsel, Jacob H. Stillman, Solicitor, Allan A.
Capute, Special Counsel to the Solicitor, Securities and Exchange Commission,
Washington, DC, for Respondent.

---

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

**McCONNELL**, Circuit Judge.

Michael A. Rooms petitions for review of an order of the Securities and Exchange Commission (SEC) upholding disciplinary action taken against him by the National Association of Securities Dealers (NASD). The NASD permanently barred him from the securities industry. The SEC found that Mr. Rooms deliberately sought to deceive the NASD during an examination, thereby violating NASD Conduct Rule 2110, which requires "observ[ation of] high standards of commercial honor and just and equitable principles of trade." On appeal, Mr. Rooms argues that (1) the SEC abused its discretion by upholding the permanent bar despite failing to find that he violated NASD Procedural Rule 8210, which, in pertinent part, permits the NASD to request information from member firms and persons associated with those firms for an NASD examination; (2) the SEC violated his due process rights by upholding the bar without finding a violation of Rule 8210; and (3) the permanent bar is unjustified. Exercising jurisdiction under 15 U.S.C. § 78y(a)(1), we affirm.

I.

Mr. Rooms was a general securities principal and representative with the securities brokerage firm Patterson Travis, Inc., a former NASD member. The firm made a market in Turner Group, Inc. penny stock. Mr. Rooms recommended

Turner Group penny stock to at least three customers, but did not provide them with certain disclosures required by the penny stock rules. Mr. Rooms does not deny that he failed to provide these customers (1) a statement of the risks of investing in penny stock required by Rule 15g-2, 17 C.F.R. § 240.15g-2; or (2) the amount of compensation he would receive from the penny stock transactions required by Rule 15g-5, 17 C.F.R. § 240.15g-5.

In April 1998, the NASD conducted a routine examination of Patterson Travis, in part focusing on penny stock activities, because the firm had been cited previously for violation of penny stock rules. During the examination, the NASD discovered that some customers who had purchased Turner Group penny stocks did not have Affirmation of Non-Solicitation forms in their files indicating that the customer, not the broker, had initiated the purchase of the penny stocks. Unsolicited purchases are exempt from the penny stock rules. 17 C.F.R. § 240.15g-1(e).

In May, the NASD sent David Travis, President of Patterson Travis, a Rule 8210 request for documents regarding the sale of penny stock for Turner Group. NASD sought documents showing either that Patterson Travis had complied with the penny stock rules or that the stock was exempt from the rules. Binder 5, Tab 299. Mr. Travis responded to the NASD that the trades at issues were exempt. He provided part of the requested information, but indicated that some customer

non-solicitation forms were missing and he was trying to locate them. *Id.*, Tab 300. In response to another request for information in July, 1998, Mr. Travis again responded that the trades were exempt, but he did not provide all of the missing non-solicitation forms. *Id.*, Tab 302. In May 1999, the NASD sent Mr. Travis a third request for documents pursuant to Rule 8210. Thereafter, Mr. Travis asked Mr. Rooms to obtain the missing forms from his customers, explaining that they were needed by the NASD.

Mr. Rooms contacted Daryl Heasley and asked him to sign a non-solicitation form in exchange for other stock of comparable value to the Turner Group stock. Binder 4, Tab 275 at 3090. The form provided by Mr. Rooms to Mr. Heasley indicated that the penny stock purchase had not been solicited. Mr. Rooms filled in everything on the form but Mr. Heasley's signature, including entering the date of the penny stock purchase, November 21, 1997, next to the signature line. *Id.* at 3091-92. This date, however, was nineteen months earlier than the date Mr. Rooms sent the form to Mr. Heasley. Mr. Heasley, however, had purchased the Turner Group stock based on Mr. Rooms' recommendation. *Id.* at 3087-88. Because Mr. Heasley wanted the additional stock, he signed the backdated form. But he added his actual signing date, June 25, 1999, underneath his signature and after the date Mr. Rooms had entered. *Id.* at 3092; Tab 285 at 3795. Upon receiving the form, Mr. Rooms

removed the dates Mr. Heasley added. *Id.*, Tab 276 at 3377. Mr. Rooms then gave the altered form to Mr. Travis, who in turn provided it to the NASD. *See id.*, Tab 275 at 3199-3200.

Two other customers, Albert Contursi and Henry Debski, refused to sign backdated letters for Mr. Rooms, because their purchase of the Turner Group penny stock had been solicited. Binder 1, Tab 30 at 410 (Mr. Contursi); *id.* at 413 (Mr. Debski). They too were promised shares of stock in another company roughly equal to the value of the amount they paid for Turner Group stock if they would sign the non-solicitation form.

The NASD Department of Enforcement filed a complaint against Patterson Travis, Mr. Travis, Mr. Rooms, and a co-worker, Eric Dieffenbach. As is relevant to Mr. Rooms, the complaint alleged that he violated penny stock rules and attempted to conceal the violations of the penny stock rules and obstructed the NASD's investigation. After a hearing, the NASD Hearing Panel found that Mr. Rooms had violated penny stock rules and Conduct Rule 2110 by failing to provide proper disclosures to his Turner Group penny stock customers and had violated Procedural Rule 8210 and Conduct Rule 2110 by obstructing the NASD's investigation. For sanctions, the Hearing Panel imposed a fine and suspended Mr. Rooms from the securities business for thirty business days. A dissenting panel member, however, recommended that Mr. Rooms be permanently barred.

The NASD appealed to the NASD National Adjudicatory Council (NAC), seeking the harsher sanction of a permanent bar. Mr. Rooms cross-appealed, seeking reversal of the Hearing Panel's obstruction finding and the resulting suspension. The NAC affirmed the Hearing Panel's finding that Mr. Rooms violated Rules 2110 and 8210, but imposed a permanent bar as a sanction based on its determination that Mr. Rooms intentionally sought to obstruct the NASD's examination by affirmatively misleading the NASD.

Thereafter, Mr. Rooms appealed to the SEC, challenging the NAC's obstruction finding. *See* 15 U.S.C. § 78s(d)(2). Reviewing de novo, the SEC decided that Mr. Rooms did not violate Procedural Rule 8210, because any Rule 8210 request was directed only at Mr. Travis and the record did not show that during the relevant period Mr. Rooms was aware of the Rule 8210 requests directed to Mr. Travis. Nonetheless, the SEC upheld the permanent bar sanction due to Mr. Rooms' acts of deliberate deception and obstruction. Specifically, the SEC upheld the permanent bar under Rule 2110, because Mr. Rooms knew of the NASD examination and knew that the non-solicitation forms would be turned over to the NASD, yet he deliberately sought to deceive the NASD by offering bribes to customers to get them to sign false, backdated non-solicitation forms and he removed the actual signing date from one form. Mr. Rooms appealed.

II.

A.

We review the SEC's permanent-bar sanction for an abuse of discretion.
*Gen. Bond & Share Co. v. SEC*, 39 F.3d 1451, 1461 (10th Cir. 1994). Because
the SEC has considerable discretion, we will only interfere with the sanction if it
is beyond the law, it is unsupported factually, or it completely lacks
reasonableness such that it is an abuse of the SEC's discretion. *C.E. Carlson, Inc.
v. SEC*, 859 F.2d 1429, 1438 (10th Cir. 1988).

Also, the SEC's factual findings are conclusive, if they are supported by
substantial evidence. *See* 15 U.S.C. 78y(a)(4). Substantial evidence is "a
minimum quantity of relevant evidence objectively adequate to support the
findings when viewed in light of the record as a whole." *Lehl v. SEC*, 90 F.3d
1483, 1485 n.2 (10th Cir. 1996). "If the evidence is capable of rational
interpretation that would favor either side, the SEC's findings will not be
overturned on appeal." *C.E. Carlson*, 859 F.2d at 1433. We review the SEC's
legal conclusions de novo. *Lehl*, 90 F.3d at 1486.

B.

Mr. Rooms first argues that the SEC abused its discretion in upholding the
permanent bar despite finding that he did not violate Procedural Rule 8210. He
contends that because he was unaware of the Rule 8210 request, that the NASD
was conducting an investigation or examination at the time he obtained the

non-solicitation forms or that the forms would be transmitted to the NASD, he should not receive the "standard" bar sanction for failing to respond to a Rule 8211 request. *See* NASD Sanction Guidelines at 35, *available at* http://www.nasd.com/web/groups/enforcement/documents/enforcement/nasdw_01 1038.pdf (last visited Mar. 3, 2006).

As Mr. Rooms states, the SEC found that he was not aware of the Rule 8210 requests during the relevant time period. But, contrary to his assertions, the record shows that he knew that the NASD had requested non-solicitation forms from Mr. Travis, and with that knowledge, he backdated the forms he sent to his customers for their signatures, offered stock in exchange for signing the forms, and altered the form Mr. Heasley provided. Mr. Rooms testified before the NASD Hearing Panel that when he contacted his customers to ask them to sign non-solicitation forms, they told him that they had been contacted by the NASD about the Turner Group stock. Binder 4, Tab 276 at 3355. Also, he admitted at the hearing that Mr. Travis told him that the NASD had requested information about the Turner Group stock for an examination or an investigation. *Id.* at 3374, 3389.

Furthermore, the answer to the complaint conceded that Mr. Travis asked Mr. Rooms to obtain non-solicitation letters from the customers who purchased Turner Group stock because the NASD had requested the information. Binder 1,

Tab 4 at 27 ¶20 (admitting allegations in complaint, Binder 1, Tab 1 at 11 ¶20); *cf. id.* at 28 ¶26 (admitting tendering forms to Mr. Travis, see Binder 1, Tab 1 at 12 ¶ 26, but stating he did not know whether NASD specifically requested information pursuant to Rule 8210). Mr. Rooms maintains that he should not be held to the admissions made in the answer to the complaint, because the answer was drafted by Mr. Travis' personal attorney and contained the responses for all claims against all four parties to whom the complaint was directed. A pleading prepared by an attorney is an admission, however, because the attorney presumably speaks for the litigant. *Raulie v. United States*, 400 F.2d 487, 526 (10th Cir. 1968). In any event, the complaint admissions are consistent with Mr. Rooms' admissions during his hearing testimony.

Contrary to Mr. Rooms' assertion, it is irrelevant that the SEC did not find that he violated Rule 8210 when it upheld the permanent-bar sanction under Rule 2110. *See generally Vail v. SEC*, 101 F.3d 37, 39 (5th Cir. 1996) (per curiam) (giving considerable weight to SEC's construction of statutory scheme it administers and recognizing it has broad disciplinary authority under predecessor of Rule 2110). Although an NASD Sanction Guideline is entitled "Failure to Respond or Failure to Respond Truthfully, Completely, or Timely to Requests Made Pursuant to NASD Procedural Rule 8210," it expressly states that it applies to both Rules 8210 and 2110. Mr. Rooms failed to respond truthfully and

attempted to mislead the NASD. He backdated documents, attempted to bribe customers, and altered documents. Thus, under the Guideline, a bar was appropriate, and the SEC did not abuse its discretion in upholding the bar imposed by the NAC despite finding no violation of Rule 8210. Even apart from the Guideline, the SEC has responsibility to choose an appropriate and reasonable remedy. *See Monetta Fin. Servs., Inc. v. SEC*, 390 F.3d 952, 957 (7th Cir. 2004). Under the facts presented here, we cannot say that the SEC abused its discretion in choosing a bar as a remedy.

C.

Next, Mr. Rooms argues that the SEC violated his due process rights by upholding the permanent bar after finding that he did not violate Rule 8210. He contends that due process requires that he receive notice of prohibited conduct before he can be disciplined for engaging in that conduct. According to Mr. Rooms, Rule 2110 does not proscribe the conduct for which he was accused and for which the SEC upheld the permanent bar. Indeed, he believes he was sanctioned for conduct not enumerated plainly in the NASD rules, and instead he was sanctioned for conduct under a new rule. He does acknowledge, however, that any vagueness objections can be overcome if a reasonable person should know that his conduct was contrary to NASD rules.

Due process requires that an NASD rule give fair warning of prohibited conduct before a person may be disciplined for that conduct. *See Gen. Bond & Share*, 39 F.3d at 1455 (citing *Handley Inv. Co. v. SEC*, 354 F.2d 64, 66 (10th Cir. 1965)). The complaint in this case alleged that Mr. Rooms violated both Rule 8210 *and* Rule 2110 by his obstructing conduct. This alone was sufficient warning.

In addition, the SEC found that Mr. Rooms intentionally deceived the NASD by offering bribes to customers to sign false, backdated non-solicitation forms with promises of stock and by altering Mr. Heasley's non-solicitation form to reflect only the backdated date. As indicated above, substantial evidence in the record supports these findings. As the SEC decided, any reasonable person would know that this type of intentional deception of the NASD would violate the Rule 2110 requirement that the person's conduct conform to high standards of commercial honor and just and equitable principles of trade. *See Gen. Bond & Share*, 39 F.3d at 1460; *see also In re Dep't of Enforcement v. Kapara*, No. C10030110, 2005 WL 1459973, at *5, *9 (N.A.S.D.R. May 25, 2005) (deciding "[f]alsifying documents is a practice that is inconsistent with just and equitable principles of trade" and it "requires that a bar be imposed absent exceptional circumstances"). Mr. Rooms had been a registered representative in the securities industry since 1991. Based on those years of experience, he

certainly knew that bribery and backdating and altering documents are not ethical and accepted conduct in the securities industry. *Cf. Carter v. SEC*, 726 F.2d 472, 473-74 (9th Cir. 1983) (rejecting as inadequate defense that registered representative charged with NASD rules violation did not know sales violated NASD rules; registered representative is assumed to have knowledge of rules). Because Mr. Rooms had fair notice that his conduct was contrary to Rule 2110, we reject his due process argument. *See Alderman v. SEC*, 104 F.3d 285, 288-89 (9th Cir. 1997).

D.

Lastly, Mr. Rooms argues that the permanent bar is unjustified due to many mitigating factors, including (1) the SEC's failure to find him in violation of Rule 8210; (2) the lack of a presumptive sanction for a Rule 2110 violation; (3) his having no knowledge of the investigation or examination; (4) his having no prior disciplinary history; and (5) his making truthful responses once he was notified of the investigation. The SEC rejected each of these alleged mitigating factors. And we do too.

Violation of Rule 8210 is not a prerequisite to imposing a bar under Rule 2110. *See, e.g., Otto v. SEC*, 253 F.3d 960, 963-64, 966-67 (7th Cir. 2001) (affirming SEC's decision to uphold permanent bar for violation of Rule 2110 only). Lack of a presumptive sanction is not a mitigating factor as the SEC had

discretion to set an appropriate sanction after considering all facts and circumstances in the case. As discussed above, and contrary to his assertion, Mr. Rooms did have knowledge of the NASD examination and understanding of his wrongful conduct.

Lack of a disciplinary history is not a mitigating factor; Mr. Rooms was required to comply with the NASD's high standards of conduct at all times. *See Kapara*, 2005 WL 1459973, at *10 n.25. His decision to make truthful responses once he was notified of the investigation was not a mitigating factor; the NASD already knew of his deceptive behavior by the time he made those responses and he engaged in misleading and deceptive behavior with knowledge of the NASD examination. Refraining from giving false responses is not mitigating behavior. Mr. Rooms' later cooperation with the NASD's investigation and his lack of previous disciplinary conduct do not require a lighter sanction. *See Wall St. W., Inc. v. SEC*, 718 F.2d 973, 975 (10th Cir. 1983).

In his reply brief on appeal, Mr. Rooms lists three additional allegedly mitigating factors: (1) Mr. Heasley transferred his account with Mr. Rooms after Mr. Rooms left Patterson Travis; (2) the SEC recognized that Mr. Rooms failed to provide non-disclosure letters for only three customers; and (3) the SEC recognized that Mr. Rooms sold only a small amount of penny stock. We ordinarily do not address issues raised for the first time in a reply brief. *See*

*Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Nonetheless, in light of our review for an abuse of discretion, we conclude these three factors are not sufficient to warrant reversal of the permanent-bar sanction in light of the seriousness of Mr. Rooms' conduct.

Mr. Rooms suggests that he should receive a lesser sanction because even in cases where there has been an intentional Rule 8210 violation, violators have frequently received sanctions less severe than a bar. "The employment of a sanction within the authority of an administrative agency[, however,] is not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases." *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 187 (1973).

### III.

The SEC upheld a permanent bar against Mr. Rooms while exercising its responsibilities to protect investors in securities and to impose sanctions. *C.E.Carlson, Inc.*, 859 F.2d at 1438; *Quinn & Co. v. SEC*, 452 F.2d 943, 947 (10th Cir. 1971). Under the circumstances of this case, we cannot conclude that the SEC abused its discretion in doing so. Mr. Rooms' admissions and behavior provide a sufficient basis for a conclusion that he did not "observe high standards of commercial honor and just and equitable principles of trade" as Rule 2110 requires.

-14-

Accordingly, the SEC's decision is AFFIRMED.